UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GUARANTEED RATE, INC., | ) | Case No. 1:21-cv-05080 |
| | ) | |
| Plaintiff, | ) | Judge: Hon. Martha M. Pacold |
| v. | ) | |
| | ) | Magistrate Judge: Gabriel A. Fuentes |
| ANDREW MARQUIS, KEVIN COCCOLUTO, | ) | |
| PATRICK COLLINS, JAMES ELLIS, TOM | ) | |
| GIUSTI, and NICK MARLIN, | ) | |
| | ) | |
| Defendants. | ) | |

## GUARANTEED RATE, INC.'S MOTION FOR
## EXPEDITED DISCOVERY

Pursuant to Rule 16(b), 26(d), and 34 of the Federal Rules of Civil Procedure, Plaintiff Guaranteed Rate, Inc. ("GRI") respectfully moves for expedited discovery from Defendants Andrew Marquis ("Marquis"), Kevin Coccoluto ("Coccoluto"), Patrick Collins ("Collins"), James Ellis ("Ellis"), Tom Giusti ("Giusti") and Nick Marlin ("Marlin") (collectively "Defendants"). In support of this Motion, Plaintiff submits the accompanying Memorandum.[1]

This Motion is necessitated by the Defendants' covert theft and misuse of GRI's highly confidential and proprietary information and ongoing solicitation of GRI customers, referral partners, and employees – all in violation of the legal and contractual obligations they owe to GRI. GRI has moved for a preliminary injunction to halt Defendants' unlawful conduct but requires limited, expedited discovery to know the full extent of the misconduct that should be enjoined.

---

[1] On September 30, shortly before the filing of this Motion, Jeffrey L. Widman of Fox Rothschild LLP entered an appearance on behalf of all Defendants. GRI respectfully requests to present this Motion to the Court along with its Motion for Preliminary Injunction (Dkt. No. 6) at the October 4 telephonic conference. GRI has provided notice to Defendants, via Mr. Widman, of the October 4 telephonic conference, and intends to meet and confer with Mr. Widman prior to that conference regarding this Motion and its Motion for Preliminary Injunction.

Expedited discovery is needed here because Defendants have gone to great lengths to cover their tracks and conceal their misconduct from GRI. As set forth in the supporting Memorandum, in the weeks leading up to their departure, Defendants repeatedly transmitted highly confidential GRI information, including customer and realtor referral lists, to their personal email addresses in an effort to avoid GRI detection. Moreover, since their departure, Defendants have repeatedly solicited GRI customers and referral partners through their new employer, CrossCountry Mortgage, Inc. ("CrossCountry"), in direct violation of their contractual and legal obligations to GRI. In doing so, Defendants surreptitiously attempted to avoid GRI detection by using social media messaging platforms (e.g., LinkedIn) and personal cell phones to engage in their misconduct. Defendants have used similarly covert means to contact GRI employees to solicit them to leave GRI.

GRI has a legitimate basis to believe that Defendants stole substantially more confidential and proprietary information from GRI than has been discovered. GRI also has reason to believe that Defendants' unlawful solicitation of customers and realtor referral partners far exceeds the currently-known improper solicitations. Furthermore, GRI has reason to believe that Marquis continues to unlawfully solicit GRI employees today using social media platforms and personal devices that are outside of GRI's reach without the discovery requested herein.

Expedited discovery is critically important to ensure that the Court has a complete record upon which to base its decision on GRI's motion for preliminary injunction and to shape the proper relief. As described in the supporting Memorandum, GRI's request for limited, expedited discovery is narrowly tailored to permit GRI to uncover Defendants' misappropriation and does not impose an undue burden or other substantial hardship on Defendants, particularly given the

evidence of Defendants' misconduct already discovered. GRI's proposal for limited, expedited discovery is necessary, appropriate, and reasonable under the circumstances.

For the reasons set forth in the supporting Memorandum, GRI respectfully requests that the Court enter an order granting expedited discovery and requiring Defendants to produce within 14 days of that order the following categories of documents from July 5, 2021 to present:

1. Documents[2] sent or received by any Defendant relating to the end of their employment at GRI or their employment or prospect of employment at CrossCountry.

2. Documents sent or received by any Defendant, on the one hand, and any individual who was employed by GRI at the time of the communication, on the other hand, relating in any way to CrossCountry or the prospect of employment at CrossCountry.

3. Documents reflecting or relating to any information that is stored or maintained on GRI's systems or in GRI's offices that was (i) taken or copied by any of the Defendants, or (ii) transmitted by any of the Defendants to any of their personal devices, personal email accounts, any cloud database or third-party site, or any other non-GRI device, email account, database or site.

4. Documents in the possession of any Defendant reflecting or relating to any communication between any Defendant and any customer or prospective customer of GRI (i.e., any customer or potential customer with whom Defendants had communicated at any time prior to their resignations from GRI) relating in any way to the possibility of obtaining a purchase or refinance mortgage loan from CrossCountry.

5. Documents in the possession of any Defendant reflecting or relating to any communication between any Defendant and any GRI realtor referral partner (i.e., any realtor referral partner with whom Defendants had communicated at any time prior to their resignations from GRI) relating in any way to Cross Country.

Dated: September 30, 2021

Respectfully submitted,

GUARANTEED RATE, INC.
By: /s/ Reid Schar
One of Its Attorneys

---

[2] As used in each of GRI's requests, the term "Documents" has the same meaning as "any designated documents or electronically stored information" as defined in Federal Rule of Civil Procedure 34(a)(1)(A), and specifically includes all forms of written communications, including text messages, personal email communications, and social media posts and direct messages, as well as any phone records.

Reid J. Schar
Andrew F. Merrick
Benjamin T. Halbig
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL  60654-3456
(312) 222-9350
(312) 527-0484 (Fax)
rschar@jenner.com
amerrick@jenner.com
bhalbig@jenner.com

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, states that on September 30, 2021, he caused a copy of the foregoing to be served on all counsel of record via the Court's ECF system.

                                                                         /s/ Reid J. Schar