UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GUARANTEED RATE, INC., | ) | Case No. 1:21-cv-05080 |
| | ) | |
| Plaintiff, | ) | Judge: Hon. Martha M. Pacold |
| v. | ) | |
| | ) | Magistrate Judge: Gabriel A. Fuentes |
| ANDREW MARQUIS, KEVIN COCCOLUTO, PATRICK COLLINS, JAMES ELLIS, TOM GIUSTI, and NICK MARLIN, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF GUARANTEED RATE, INC.'S MOTION FOR <u>EXPEDITED DISCOVERY</u>**

Reid J. Schar
Andrew F. Merrick
Benjamin T. Halbig
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
(312) 527-0484 (Fax)
rschar@jenner.com
amerrick@jenner.com
bhalbig@jenner.com

*Counsel for Guaranteed Rate, Inc.*

Plaintiff Guaranteed Rate, Inc. ("GRI"), moves this Court for an order entering an expedited discovery schedule pursuant to Federal Rules of Civil Procedure 16(b), 26(d), 30, and 34. For the reasons set forth more fully below, limited, expedited discovery is critically important under the circumstances of this case, and GRI's motion should be granted.

## INTRODUCTION

As discussed in GRI's Motion for Preliminary Injunction,[1] this is an action brought by GRI to halt its former employees, Defendants Andrew Marquis ("Marquis"), Kevin Coccoluto ("Coccoluto"), Patrick Collins ("Collins"), James Ellis ("Ellis"), Tom Giusti ("Giusti") and Nick Marlin ("Marlin") (collectively "Defendants"), from (i) misappropriating massive amounts of GRI confidential and proprietary information, such as confidential customer information and GRI's confidential and highly valuable realtor referral network, and (ii) unlawfully soliciting GRI's employees, customers, and referral sources.

Limited, expedited discovery is necessary here because it provides the only way to uncover the full extent of the Defendants' ongoing misappropriation and other violations of law. Defendants have gone to great lengths to cover their tracks and conceal their misconduct from GRI. For example, in the weeks leading up to their departure, Defendants transmitted highly confidential GRI customer and realtor referral lists to their personal email addresses in an effort to avoid GRI detection. Moreover, since their departure, Defendants have repeatedly solicited GRI customers and referral partners through their new employer, CrossCountry Mortgage, Inc. ("CrossCountry"), GRI's direct competitor, in flagrant violation of their contractual and legal obligations to GRI. In doing so, Defendants surreptitiously attempted to avoid GRI detection by

---

[1] GRI adopts and incorporates by reference all facts and allegations set forth in its Complaint ("Complaint" or "Compl.") (ECF No. 1) and Motion for Preliminary Injunctive Relief (ECF No. 6) ("Preliminary Injunction Motion"), as if set forth fully herein.

using social media messaging platforms (*e.g.,* LinkedIn) and personal cell phones to engage in their misconduct. GRI learned about these improper solicitations because certain customers informed GRI that Defendants contacted them directly – in some cases, using GRI's confidential loan terms – to convince the customers to move their business to CrossCountry.

GRI has a legitimate basis to believe that the misconduct discovered to-date is just the tip of the iceberg. GRI has reason to believe that Defendants stole substantially more confidential and proprietary information from GRI on their way out the door than has been discovered. GRI also has reason to believe that Defendants' unlawful solicitation of customers and realtor referral partners far exceeds the currently-known improper solicitations. Given the near-simultaneous resignations of Defendants and 18 other GRI employees on the Marquis Team, GRI has reason to believe that Marquis used covert channels to improperly solicit GRI employees to jump ship to CrossCountry **while he was still employed by GRI**. Furthermore, GRI has reason to believe that Marquis continues to unlawfully solicit GRI employees today using social media platforms and personal devices that are outside of GRI's reach without the discovery requested herein. Undeterred by even the filing of this lawsuit, GRI has reason to believe Defendants are becoming even more emboldened in their efforts to unlawfully compete against GRI.

GRI has moved for a preliminary injunction to halt Defendants' unlawful conduct, but requires limited, expedited discovery to know the full extent of the misconduct that should be enjoined. This expedited discovery is critically important to ensure that the Court has a complete record upon which to base its decision on GRI's Preliminary Injunction Motion and to shape the proper relief. As discussed below, GRI's request for limited, expedited discovery is narrowly tailored to permit GRI to uncover Defendants' misappropriation and does not impose an undue burden or other substantial hardship on Defendants, particularly given the evidence of Defendants'

misconduct already discovered and the fact that this misconduct is ongoing and continues to cause irreparable harm to GRI. In short, GRI's proposal for limited, expedited discovery is necessary, appropriate, and reasonable under the circumstances, and GRI respectfully requests the Court grant its motion.

## ARGUMENT

District courts have "wide discretion" in managing the discovery process. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). Consistent with this broad discretion, Federal Rule of Civil Procedure 26(d)(1) permits the district court to order expedited discovery to begin prior to the parties conferring as required by that Rule in cases "such as those involving requests for a preliminary injunction," *i.e.*, before the normal inception of discovery. FED. R. CIV. P. 26(d)(1), Advisory Committee Note (1993).

Courts in this district "evaluate a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (quoting *Merrill Lynch*, 194 F.R.D. at 623). In applying this "reasonableness" standard, the Court may consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Ibarra*, 816 F. Supp. 2d at 554 (citing to *Landwehr v. F.D.I.C.*, 282 F.R.D. 1, 4 (D.D.C. 2010)). Each factor supports expedited discovery here.

***First***, expedited discovery is warranted in light of GRI's Preliminary Injunction Motion. Courts in this district routinely order expedited discovery when a preliminary injunction motion is pending. *See, e.g.*, *Bankers Life & Cas. Co. v. Derouin*, 2021 WL 3910143, at *1 (N.D. Ill. Sept. 1,

3

2021); *CampaignZERO, Inc. v. Staywoke, Inc.*, 2020 WL 7123066, at *1-2 (N.D. Ill. Dec. 4, 2020); *Inventus Power v. Shenzhen Ace Battery*, 2020 WL 8254383, at *1 (N.D. Ill. Nov. 12, 2020). GRI is seeking limited, expedited discovery to determine the full scope of Defendants' ongoing wrongful actions, to provide the Court with a more complete record upon which to base its decision on GRI's Preliminary Injunction Motion, and to allow the Court to craft the scope of injunctive relief based on the factual record.

***Second***, GRI seeks narrowly tailored discovery that is aimed squarely at obtaining evidence to support its Preliminary Injunction Motion. *See Inventus Power*, 2020 WL 8254383, (noting that court granted motion for expedited discovery "targeted to matters that will be addressed in [the] preliminary injunction hearing"). To streamline the discovery process and allow for a prompt hearing on GRI's Preliminary Injunction Motion, GRI only seeks expedited production of five narrow categories of documents from Defendants, pursuant to Rule 34 of the Federal Rules of Civil Procedure.[2] Specifically, GRI seeks production of the following documents from Monday July 5, 2021 (8 weeks prior to Defendants' departure from GRI) to present:

1. Documents[3] sent or received by any Defendant relating to the end of their employment at GRI or their employment or prospect of employment at CrossCountry.

2. Documents sent or received by any Defendant, on the one hand, and any individual who was employed by GRI at the time of the communication, on the other hand, relating in any way to CrossCountry or the prospect of employment at CrossCountry.

---

[2] GRI expressly reserves the right to seek additional forms of discovery from Defendants as appropriate, including, but not limited, to depositions by oral examination pursuant to Rule 30 of the Federal Rules of Civil Procedure.

[3] As used in each of GRI's requests, the term "Documents" has the same meaning as "any designated documents or electronically stored information" as defined in Federal Rule of Civil Procedure 34(a)(1)(A), and specifically includes all forms of written communications, including text messages, personal email communications, and social media posts and direct messages, as well as any phone records.

3. Documents reflecting or relating to any information that is stored or maintained on GRI's systems or in GRI's offices that was (i) taken or copied by any of the Defendants, or (ii) transmitted by any of the Defendants to any of their personal devices, personal email accounts, any cloud database or third-party site, or any other non-GRI device, email account, database or site.

4. Documents in the possession of any Defendant reflecting or relating to any communication between any Defendant and any customer or prospective customer of GRI (i.e., any customer or potential customer with whom Defendants had communicated at any time prior to their resignations from GRI) relating in any way to the possibility of obtaining a purchase or refinance mortgage loan from CrossCountry.

5. Documents in the possession of any Defendant reflecting or relating to any communication between any Defendant and any GRI realtor referral partner (i.e., any realtor referral partner with whom Defendants had communicated at any time prior to their resignations from GRI) relating in any way to Cross Country.

***Third***, GRI has a proper purpose and a substantial need for the discovery it seeks from Defendants on an expedited basis. The documents GRI is seeking are narrowly tailored to the precise information GRI and the Court need for purposes of GRI's Preliminary Injunction Motion. This expedited discovery will help GRI and the Court understand the full scope of Defendants' misconduct; e.g., what GRI Confidential Information Defendants pilfered and who they have shared it with, and which GRI customers, employees, and referral partners Defendants have solicited in violation of their contractual and legal duties to GRI. *See Inventus Power*, 2020 WL 8254383. Moreover, requiring Defendants to produce their relevant personal email, text messages and messages sent through social media platforms and third-party document or database platforms is necessary in light of their ongoing attempts to use these exact forms of communication to evade detection by GRI. *See* Compl. ¶¶ 2, 92.

***Fourth***, the burden on Defendants in producing this discovery on an expedited basis is minimal, especially compared to the ongoing and irreparable harm to GRI as a result of Defendants' misdeeds. The requests are limited and narrow and the requested information is only in the control

of Defendants. The discovery GRI seeks should be easily accessible to Defendants, as it only relates to their communications and conduct over a period of three months (e.g. from July 5, 2021 to present).

***Fifth***, GRI's requested expedited discovery is not significantly in advance of the typical discovery process. Indeed, Federal Rule of Civil Procedure 26(f) provides that "the parties must confer as soon as practicable," and Rule 26(d) provides that a party may seek discovery once the parties have conferred pursuant to Rule 26(f). Rule 26(d) further provides that early Rule 34 Requests may be served "21 days after the summons and complaint are served on a party." Fed. R. Civ. P. 26(d).

GRI's requests are reasonable in light of the circumstances here, where Defendants continue to breach their contractual and legal obligations and siphon away GRI's customers, employees, and referral partners using highly confidential information with which GRI entrusted them. The requests are even more reasonable given the initial evidence GRI has already uncovered concerning Defendants' efforts to conceal their misconduct. Courts routinely order discovery in similar cases seeking relief for former employees' misuse of confidential information or breach of their employment restrictive covenants. *See, e.g.*, *CGB Diversified Servs., Inc. v. Morrison*, 2020 WL 4547885, at *5 (C.D. Ill. Apr. 2, 2020); *Aon PLC v. Infinite Equity, Inc.*, 2020 WL 1954027, at *1 (N.D. Ill. Apr. 23, 2020); *Mintel Int'l Grp., Ltd. v. Neergheen*, 2008 WL 2782818, at *7 (N.D. Ill. July 16, 2008).

Accordingly, GRI respectfully requests that the Court enter an order permitting GRI to engage in expedited discovery by requiring Defendants to produce to GRI, within 14 days of the Court's Order on GRI's Motion for Expedited Discovery, the following categories of documents from the period of July 5, 2021 to present:

1. Documents sent or received by any Defendant relating to the end of their employment at GRI or their employment or prospect of employment at CrossCountry.

2. Documents sent or received by any Defendant, on the one hand, and any individual who was employed by GRI at the time of the communication, on the other hand, relating in any way to CrossCountry or the prospect of employment at CrossCountry.

3. Documents reflecting or relating to any information that is stored or maintained on GRI's systems or in GRI's offices that was (i) taken or copied by any of the Defendants, or (ii) transmitted by any of the Defendants to any of their personal devices, personal email accounts, any cloud database or third-party site, or any other non-GRI device, email account, database or site.

4. Documents in the possession of any Defendant reflecting or relating to any communication between any Defendant and any customer or prospective customer of GRI (i.e., any customer or potential customer with whom Defendants had communicated at any time prior to their resignations from GRI) relating in any way to the possibility of obtaining a purchase or refinance mortgage loan from CrossCountry.

5. Documents in the possession of any Defendant reflecting or relating to any communication between any Defendant and any GRI realtor referral partner (i.e., any realtor referral partner with whom Defendants had communicated at any time prior to their resignations from GRI) relating in any way to Cross Country.

For the reasons stated herein, GRI respectfully requests that the Court grant the relief requested because it will provide GRI with a fair means of protecting its legitimate business interests from wrongful attack by Defendants and allow the Court to assess Defendants' wrongful conduct when evaluating GRI's Preliminary Injunction Motion and craft appropriate relief as necessary.

Dated: September 30, 2021

Respectfully submitted,

GUARANTEED RATE, INC.
By: ___/s/ Reid J. Schar_____
One of Its Attorneys

Reid J. Schar
Andrew F. Merrick

        Benjamin F. Halbig
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
(312) 527-0484 (Fax)
rschar@jenner.com
amerrick@jenner.com
bhalbig@jenner.com

## **CERTIFICATE OF SERVICE**

  The undersigned, an attorney, states that on September 30, 2021, he caused a copy of the foregoing to be served on all counsel of record via the Court's ECF system.

                     /s/ Reid J. Schar