UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GUARANTEED RATE, INC., | ) | Case No. 1:21-cv-05080 |
| | ) | |
| Plaintiff, | ) | Judge: Hon. Martha M. Pacold |
| v. | ) | |
| | ) | Magistrate Judge: Hon. Beth W. Jantz |
| ANDREW MARQUIS, KEVIN COCCOLUTO, PATRICK COLLINS, JAMES ELLIS, TOM GIUSTI, and NICK MARLIN, | ) ) ) ) | |
| Defendants. | ) | |

**GUARANTEED RATE, INC.'S MOTION TO
COMPEL ARBITRATION OF DEFENDANT ANDREW MARQUIS'S
COUNTERCLAIMS COUNTS I-IV**

Plaintiff/Counterclaim-Defendant Guaranteed Rate, Inc. ("GRI") respectfully moves the Court to enforce its arbitration agreement with Defendant/Counterclaimant Andrew Marquis ("Marquis") and compel him to assert Counts I – IV of his counterclaims against GRI in arbitration. In support of this Motion, Plaintiff submits the accompanying Memorandum of Law.

GRI initiated this action against Marquis and five other Defendants for violations of their contractual duties and Illinois law based on their pilfering GRI Confidential Information and unlawful solicitation of GRI employees, customers, and referral partners at their current employer, CrossCountry Mortgage, LLC ("CrossCountry"). In response, Marquis has asserted various counterclaims that generally allege that: (i) GRI's compensation of Marquis was illegal; and (ii) GRI continued to use Marquis's likeness and name after his departure from the GRI on August 31.

Marquis and GRI entered the Marquis Agreement on October 5, 2015. Dkt. No. 32 (Answer), ¶ 10 (admitting that Marquis entered into the Marquis Agreement with GRI). Under

section VII of the Marquis Agreement (the "Arbitration Clause") GRI and Marquis expressly agreed that:

> Any and all claims (legal or equitable), demands, disputes, or controversies between [Marquis] and [GRI] must be resolved by **arbitration** in accordance with the rules of the American Arbitration Association then in existence.

Marquis Agreement, § VII. The Arbitration Clause further provided:

> Without limiting the foregoing, the Parties expressly agree and acknowledge the following claims must be resolved through arbitration: . . . Claims related to the [Marquis's] compensation with [GRI] brought under any federal state or local statute, law, ordinance, regulation or order on the common law of any state, including without limitation claims relating to Marquis's wages . . . [or] commissions . . . ."

*Id*. Marquis and GRI agreed that their mutual obligation to arbitrate did not apply to three specific and inapplicable types of claims:

> (a) any claim by [Marquis] for workers compensation benefits or unemployment compensation benefits; (b) any claim for injunctive or equitable relief, including without limitation claims related to unauthorized disclosure of confidential information, trade secrets, or intellectual property, or (c) any action brought relating to or arising out of any non-solicitation violations.

*Id*.

  Counts I-IV of Marquis's counterclaims against GRI are each subject to arbitration. Each of those counterclaims seeks money damages. And none seeks relief related to workers compensation, unemployment compensation, or Marquis's violations of his non-solicitation obligations to GRI.

  Regardless, to the extent Marquis disputes that any of his first four counterclaims falls within the scope of the Arbitration Clause, that question is reserved for the arbitrator and not this Court to decide. The parties "clear[ly] and unmistakab[ly]" agreed to delegate questions of

2

arbitrability to the arbitrator, *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019), by agreeing that arbitration would be governed by "the rules of the American Arbitration Association ['AAA']." Marquis Agreement, § VII. The AAA Rules in turn state that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or any claim or counterclaim." AAA Comm'l Arb. R. & Mediation P., R-7(a).[1] Accordingly, the Court need not reach the question of whether any given counterclaim is within the scope of the arbitration provision. Rather, GRI respectfully requests that the Court instead order the parties to proceed in arbitration as to Counts I-IV of Marquis's counterclaims. *See Chopper Trading LLC v. Allston Trading LLC*, No. 19-CV-01674, 2021 WL 3709188, at *7 (N.D. Ill. Aug. 20, 2021) (Pacold, J.) (noting that whether claims fall within the scope of an arbitration provision must be answered by the arbitrator, not the court, when there is clear and unmistakable evidence of an intent to delegate).

      For the reasons set forth in the supporting Memorandum, GRI respectfully requests that the Court enter an order directing Defendant Marquis to submit Counts I-IV of his counterclaims to arbitration.

---

[1] This statement is true regardless of whether AAA's Employment Arbitration or Commercial Arbitration Rules apply. *See* AAA Emp't Arb. R & Mediation P. R6(a) ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.").

Dated: November 8, 2021

Respectfully submitted,

GUARANTEED RATE, INC.
By:    /s/ Reid J. Schar
One of Its Attorneys

Reid J. Schar
Andrew F. Merrick
Benjamin F. Halbig
Margaret M. Hlousek
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
(312) 527-0484 (Fax)
rschar@jenner.com
amerrick@jenner.com
bhalbig@jenner.com
mhlousek@jenner.com

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, states that on November 8, 2021, he caused a copy of the foregoing to be served on all counsel of record via the Court's ECF system.

                                                                           /s/   Reid J. Schar