UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUARANTEED RATE, INC., ) | Case No. 1:21-cv-05080 |
| ) | |
| Plaintiff, ) | Judge: Hon. Martha M. Pacold |
| v. ) | |
| ) | Magistrate Judge: Beth W. Jantz |
| ANDREW MARQUIS, KEVIN COCCOLUTO, ) | |
| PATRICK COLLINS, JAMES ELLIS, TOM ) | |
| GIUSTI, and NICK MARLIN, ) | |
| ) | |
| Defendants. ) | |

**GUARANTEED RATE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT ANDREW MARQUIS'S COUNTERCLAIM COUNT V OF BREACH OF CONTRACT**

Reid J. Schar
Andrew F. Merrick
Benjamin T. Halbig
Margaret M. Hlousek

**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
(312) 527-0484 (Fax)
rschar@jenner.com
amerrick@jenner.com
bhalbig@jenner.com
mhlousek@jenner.com

*Counsel for Guaranteed Rate, Inc.*

I.  INTRODUCTION

Defendant Andrew Marquis ("Marquis") cannot bring a claim for breach of contract against Guaranteed Rate, Inc. ("GRI"), ████████████████████████████ Marquis's Counterclaim V is based on a settlement agreement between GRI and CrossCountry Mortgage, LLC ("CrossCountry"), ██████████████████████████████████



████████████████████████ Accordingly, GRI's motion to dismiss Counterclaim V should be granted.

II.  ARGUMENT

A.  ████████████████████████████████████████ **and the Claim Should be Dismissed Under Rule 12(b)(6).**

Under well settled Ohio law "[o]nly a party to a contract and a third-party beneficiary may assert a claim on a contract." *Laurent v. Flood Data Servs., Inc.*, 766 N.E.2d 221, 225 (Ohio Ct. App. 2001) (citing *Grant Thornton v. Windsor House, Inc.*, 566 N.E.2d 1220, 1223 (Ohio 1991)). *See also AP Alts., LLC v. Rosendin Elec., Inc.*, 2020 WL 2526957, at *7 (N.D. Ohio May 18, 2020) (applying Ohio law) (dismissing breach of contract claim, explaining "a contract is only binding on those who are parties to it" (internal quotation marks and citation omitted)).

████████████████████████████████████████████████████████████████

1

2

███████████████████ Marquis's arguments are meritless and GRI's motion to dismiss Counterclaim V should be granted.

1. ████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████ (Opp. at 3.)  This position is wrong. ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

Marquis fails to cite a single case in which a court held that ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████ It is a bedrock principle that, "[w]here the terms of a contract are clear and unambiguous, a court must not create a new contract by finding an intent not expressed in the clear language employed by the parties to the contract." *Matheny v. Ohio Bancorp*, 1994 WL 738734, at * 5 (Ohio Ct. App. Dec. 30, 1994) (affirming trial court's grant of motion to dismiss where agreement "unambiguously provide[d] that the parties to the agreement did not intend to confer upon anyone the status of a third-party beneficiary"). *See also Maghie & Savage, Inc. v. P.J. Dick Inc.*, 2009 WL 1263965, at *13 (Ohio Ct. App. May 5, 2009) (affirming trial court's finding that third party could not bring a claim under a contract which "unambiguously reject[ed] an intention to extend benefits . . . to unidentified third parties" because "[i]f the language of a contract is clear and unambiguous, courts must enforce the instrument as written"); *Patel v. Strategic Grp., L.L.C.*, 161 N.E.3d 42, 51 (Ohio Ct. App. 2020) ("[I]f the contract's language is plain and unambiguous, the terms are enforced as written, and courts may not turn to evidence outside the four corners of the contract to alter its meaning.").

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████ *See, e.g.*, *United States v. Osborne*, 2013 WL 1283880, at *3 (N.D. Ohio Mar. 25, 2013) (dismissing a breach of contract claim by purported third-party beneficiary where the contract explicitly stated it existed for the "sole and exclusive benefit of the [parties] and not for the benefit of any other party"); *Seifer v. PHE, Inc.*, 196 F. Supp. 2d 622, 632–34 (S.D. Ohio 2002) (dismissing breach of contract claim where agreement "unambiguously provide[d] that the parties did not intend to confer any rights or benefits upon third-parties"); *Matheny*, 1994 WL 738734, at * 5 (same).

3

Marquis also argues that this Court may consider extrinsic evidence "when the circumstances surrounding the agreement invest the language of the contract with a special meaning." (Opp. at 4 (emphasis omitted).) But Marquis cites no case in which a court considered extrinsic evidence in interpreting an unambiguous contract just because a party claimed that the language should be accorded a "special meaning." The case that Marquis cites for this proposition, *Huff*, 957 N.E.2d at 7, quoted that language from *Shifrin v. Forest City Enterprises, Inc.*, 597 N.E.2d 499, 501 (Ohio 1992). *Shifrin* ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—actually held that the "threshold issue controlling [] determination of the contractual intent of the parties [] is whether . . . [the relevant provisions] are ambiguous" and that "[i]f no ambiguity appears on the face of the instrument, parol evidence cannot be considered in an effort to demonstrate such ambiguity." 597 N.E.2d at 501.

Similarly, Marquis's argument that the Court should consider both the "language of the contract and the attending circumstances" ▇▇▇▇▇▇▇▇▇▇▇▇ is misleading and wrong. (*See* Opp. at 5 (emphasis omitted).) Marquis cites *West v. Household Life Insurance Company* for that proposition, but ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and thus it was entirely appropriate for the court to consider "attending circumstances" ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* 867 N.E.2d 868, 873 (Ohio Ct. App. 2007). Further, the *West* court relied upon the *Restatement (Second) of Contracts* Section 302 in holding that a court may consider "attending circumstances." *Id*. But the Restatement makes clear that attending circumstances are only considered where the parties have not expressly disclaimed third-party beneficiaries: *"Unless otherwise agreed between promisor and promisee,* a beneficiary of a promise is an intended beneficiary . . . [where] the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance."

4

*Restatement (Second) of Contracts* § 302, Westlaw (1981 database updated Oct. 2021) (emphasis added).

[text redacted]

2. [text redacted]

[text redacted]



Further, Marquis's cited cases, none of which are decided under Ohio law, are inapposite. For example, in *Local Union No. 1812, United Mine Workers of America v. BethEnergy Mines, Inc.*, a case decided under Kentucky law, a union of coal miners entered into a contract with a coal mining company, which allowed the mining company to assign the contract to a third-party. 992 F.2d 569, 571–72 (6th Cir. 1993) (per curiam). The mining company later sold the mine pursuant to a contract that required the buyers to assume the mining company's obligations under the contract with the union. *Id*. at 572. The court ruled that this was a valid assignment and that a third-party beneficiary disclaimer in the purchase agreement had no bearing on that issue, which all of the parties "conceded." *Id*. Similarly, in *Barba v. Village of Bensenville*, 2015 IL App (2d) 140337, the court concluded that the third-party beneficiary disclaimer did not apply to the plaintiff because a separate section in the agreement specifically discussed the plaintiff by name, including the plaintiff's retirement, the plaintiff's pension, the plaintiff's salary, the plaintiff's vacation and sick time, and the allocation of potential attorney fees. *See id*. ¶ 25. Thus, the court concluded that the agreement expressly conferred third-party beneficiary status on the particular plaintiff in that case. *Id*. ¶ 28.

6

██████████████████████████████████████████

█████████████████████████████████

　　　████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████

　　　　　　　　　　　*\*\**

　　In sum, ████████████████████████████████

████████████████████████████████████████

██████　Accordingly, Marquis's Counterclaim V should be dismissed under Rule 12(b)(6).

　　**B.　Marquis Lacks Standing to Bring a Breach of Contract of the Settlement Agreement** ████████████████████████████

　　Marquis's Counterclaim V should also be dismissed under Rule 12(b)(1) for lack of standing. Marquis attempts to address GRI's 12(b)(6) and 12(b)(1) motions together but ignores

7

that GRI's Rule 12(b)(1) motion is governed by Illinois law. Illinois law also holds that only parties to a contract have a right to enforce that agreement. *See Odeluga v. PCC Cmty. Wellness Ctr.*, 2013 WL 4552866, at *4, *6 (N.D. Ill. Aug. 27, 2013) ("Because it is clear [the plaintiff] cannot allege that the Individual Defendants were a party to her contract with PCC, future amendments would be futile; and dismissal with prejudice is warranted."). In fact, the Seventh Circuit and district courts in this circuit consistently find that nonparties to contracts lack standing to bring breach of contract claims. *See, e.g.*, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444–45 (7th Cir. 2009) (affirming district court's dismissal for lack of standing because the defendant was not a party to the contract); *Laurens v. Volvo Cars of N. Am., LLC*, 868 F.3d 622, 626 (7th Cir. 2017) (automaker moved to dismiss one plaintiff because his name did not appear on car title or purchase agreement; court found lack of standing on car purchase claim due to failure of plaintiff to meet burden of showing standing following automaker's motion to dismiss).

Accordingly, the Court should dismiss this claim with prejudice for lack of standing.

### III. CONCLUSION

For the reasons described above, GRI respectfully requests that this Court grant GRI's Motion and dismiss Marquis's Counterclaim V with prejudice.

Dated: December 28, 2021

Respectfully submitted,

GUARANTEED RATE, INC.
By: */s/ Reid J. Schar*
One of Its Attorneys

Reid J. Schar
Andrew F. Merrick
Benjamin T. Halbig
Margaret M. Hlousek

**JENNER & BLOCK LLP**
353 N. Clark Street

                                          Chicago, IL  60654-3456
                                          (312) 222-9350
                                          (312) 527-0484 (Fax)
                                          rschar@jenner.com
                                          amerrick@jenner.com
                                          bhalbig@jenner.com
                                          mhlousek@jenner.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 28, 2021, I caused a copy of the foregoing Reply in Support of GRI's Motion to Dismiss Defendant Marquis's Counterclaim Count V of Breach of Contract to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                    */s/ Reid J. Schar*